## DOWNEY v. STACEY et al.

Where in an action by the master of a slave against the owners of a steamer, to recover the value of the slave, who had been hired to them and was not returned, the evidence shows that the slave was probably lost overboard, without any fault of defendants, plaintiff cannot recover. *Per Curiam :* The slave was at the risk of his master, and it would be unreasonable to exact any further proof of his loss, than the attending circumstances usually afford in such cases.

APPEAL from the District Court of the First District, *Buchanan,* J. This was an action by the owner to recover the value of a slave, hired to the defendants as fireman on a steamer owned by them, and never returned. The answer denied all the allegations in the petition. A supplemental answer alleged that, if the slave was hired by the defendants, he was either lost, overboard, or absconded from the boat. The judge of the District Court, in the reasons assigned by him for rendering a judgment in favor of the defendants, states that, the evidence had convinced him " that the slave must have fallen overboard from the steamer, in the Mississippi river, and have been lost without the fault, or even the knowledge, of any one on board." The evidence showed that such was, in all probability, the fact. The defendants appealed.

*G. B.*, and *L. C. Duncan,* for the plaintiff, cited art. 2294 of the Civ. Code, *Mott,* for the appellants, contended that they are not responsible. The slave was lost overboard without their fault, or he must have run away. In neither event can defendants be held liable. C. C. 2496, 2505. *Keas* v. *Yewell,* 2 Dana, 348. *Singleton* v. *Carroll,* 6 J. J. Marshall's Rep. 528. *Young* v. *Bruce,* 5 Little, 324. *Harris* v. *Nichols,* 5 Munf. 483. *Beverly* v. *Brooks,* 2 Wheaton, 100.

The judgment of the court was pronounced by

EUSTIS, C. J. The judgment in this case is evidently correct. The defendants have proved every thing which, under the hypothesis of the death or escape of the slave, they were bound to show. Vide *Chase* v. *The Mayor et al.,* 9 La. 347. The difference between the hiring of a slave and an ordinary bailment, is obvious. The slave is at the risk of the master, and it would be unreasonable to exact any further proof of his loss than the attending circumstances usually afforded in such cases. The presumption of law arising from the non-delivery of the object in cases of bailment, has no application to slaves.

*Judgment affirmed.*